UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCILLE WINSTON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DEPARTMENT OF AGRICULTURE, et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-05417-MEJ<br><br>**ORDER RE: MOTION TO WITHDRAW AS ATTORNEY OF RECORD**<br><br>Re: Dkt. No. 7 |

　　　　Plaintiff Lucille Winston, individually and as Guardian Ad Litem for Lumari Winston, is represented by William W. Haskell of the Law Offices of H. Nelson Meeks. On February 25, 2015, Mr. Haskell filed a Motion to Withdraw as Attorney of Record. Dkt. No. 7. As grounds for withdrawal, he states that a difference of opinion as to how this case should proceed has arisen between counsel and client, and communication with the client has been difficult. Haskell Decl. ¶ 2, Dkt. No. 7. Counsel sent Ms. Winston three registered letters dated, January 5, 2015, February 4, 2015, and February 17, 2015, requesting communication and advising of impending dates needing attention. *Id.* No response was received until February 20, 2015, at which point Mr. Haskell states it became apparent that the attorney-client relationship was beyond repair. *Id.* Mr. Haskell has informed Ms. Winston of his intent to withdraw. *Id.* ¶ 5. The Court has not received any opposition to Mr. Haskell's motion.

　　　　Under the Northern District of California's Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The Local Rules further provide that if the client does not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be granted on the condition that all

1  papers from the court and from the opposing party shall continue to be served on that party's
2  current counsel for forwarding purposes until the client appears by other counsel or pro se if the
3  client is not a corporate defendant. Civ. L.R. 11-5(b).

4  Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v.
5  Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to
6  attorney withdrawal); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, 2009 WL 464768, at *1 (N.D.
7  Cal. Feb. 24, 2009) (citation omitted). California Rule of Professional Conduct 3-700(C) sets
8  forth several grounds under which an attorney may request permission to withdraw, including
9  "conduct [that] renders it unreasonably difficult for the member to carry out the employment
10 effectively," such as a client's failure to communicate with its attorney or insistence that an
11 attorney engage in conduct that is contrary to that attorney's advice. Cal. Rules of Prof'l Conduct
12 R. 3-700(C)(1); *j2 Global Commc'ns*, 2009 WL 464768, at *2. The decision to grant or deny a
13 motion to withdraw is discretionary, and the Court can use "its discretion to deny an attorney's
14 request to withdraw where such withdrawal would work an injustice or cause undue delay in the
15 proceeding." *Gong v. City of Alameda*, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (citing
16 *Mandel v. Superior Court*, 67 Cal. App. 3d 1, 4 (1977)) (holding there was no prejudice or undue
17 delay to client where counsel provided sufficient notice of its intent to withdraw and where no trial
18 date had yet been set in the case).

19 In his declaration, Mr. Haskell confirms that he has complied with the Local Rules'
20 requirement that he serve written notice reasonably in advance to the client. Haskell Decl. ¶¶ 5-6.
21 Mr. Haskell also establishes valid reasons to withdraw; namely, that a difference of opinion as to
22 how this case should proceed has arisen, and his client has failed to communicate with him. *Id.* ¶
23 2. Further, Mr. Haskell states that this matter was filed on December 11, 2014 in order to preserve
24 Plaintiffs' claim and toll the statute of limitations, and withdrawal would therefore not
25 compromise Plaintiffs' interests. *Id.* ¶ 5. On this record, the Court finds good cause to allow
26 counsel to withdraw.

27 Because Plaintiffs did not respond to the motion (even though the Court ordered them to
28 respond by March 11, 2015, *see* Dkt. No. 8), it is not clear that they have agreed to proceed pro se,

and they did not file a notice of substitution of counsel.  Thus, the motion is granted on the condition that the Law Offices of H. Nelson Meeks continue to serve on Plaintiffs all papers from the Defendants and the Court until Plaintiffs file either (1) a substitution of counsel as provided by Civil Local Rule 11-5(b), or (2) a statement expressing their desire to represent themselves in this case.  Plaintiffs must file either a notice of their intent to appear pro se or a substitution of counsel by April 13, 2015.

**IT IS SO ORDERED.**

Dated: March 16, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3