UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCILLE WINSTON, et al., | Case No. 14-cv-05417-MEJ |
| Plaintiffs, | **ORDER RE: MOTION TO INTERVENE** |
| v. | Re: Dkt. No. 46 |
| UNITED STATES OF AMERICA, KEENAN LEE GRAW, KAREN HIMES GRAWE, and DOES 1-50, | |
| Defendants. | |

**INTRODUCTION**

Plaintiff Lucille M. Winston ("Plaintiff"), individually and as Guardian Ad Litem for Lumari Newsome, her minor daughter, brings this negligence action related to two car accidents. Pending before the Court is a Motion to Intervene pursuant to Federal Rule of Civil Procedure ("Rule") 24, filed by Mercury Insurance Company ("Mercury"). Dkt. No. 46. Defendant United States of America filed a Statement of Non-Opposition. Dkt. No. 49. Plaintiff and Defendants Keenan Lee Grawe and Karen Himes Grawe did not respond. The Court finds this matter suitable for disposition without oral argument and **VACATES** the February 4, 2016 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Motion for the following reasons.

**BACKGROUND**

Plaintiff and her minor daughter were involved in automobile accidents on December 12, 2012 and February 28, 2013. Second Am. Compl. ("SAC") ¶¶ 11-13, 18-19, Dkt. No. 40. The 2012 accident involved a vehicle owned by the government and driven by Asmaa Ali Ali, a federal employee. *Id.* ¶ 4. The 2013 accident involved a vehicle owned and/or managed by

1    Defendants Keenan Lee Grawe and Karen Himes Grawe.  *Id.* ¶ 16.  Plaintiff filed her initial

2    Complaint on December 11, 2014.  Dkt. No. 1.  She filed the SAC on November 2, 2015.

3         Mercury filed the present Motion on December 11, 2015.  It seeks to intervene as

4    Plaintiff's insurance company, arguing that disposition of this case without Mercury's

5    participation may impede its claims, as it has a subrogation claim based on an assignment from

6    Plaintiff.  Mot. at 2.  In its proposed Complaint in Intervention, Mercury alleges it paid $10,611.16

7    for expenses associated with Plaintiff's vehicle after the December 12, 2012 accident.  *Id.*, Ex. 1.

8                                **LEGAL STANDARD**

9         Intervention is a procedure by which a nonparty can gain party status without the consent

10   of the original parties.  *United States ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 933 (2009)

11   ("Intervention is the requisite method for a nonparty to become a party to a lawsuit." (citation

12   omitted).  There are two types of intervention: (1) intervention of right, and (2) permissive

13   intervention.  *See* Fed. R. Civ. P. 24(a)-(b).

14        Intervention exists as a matter of right when a federal statute confers the right to intervene

15   or the applicant has a legally protected interest that may be impaired by disposition of the pending

16   action and existing parties do not adequately represent that interest.  Fed. R. Civ. P. 24(a).  A court

17   must permit an applicant to intervene as a matter of right when: "(1) it has a significant protectable

18   interest relating to the property or transaction that is the subject of the action; (2) the disposition of

19   the action may, as a practical matter, impair or impede the applicant's ability to protect its interest;

20   (3) the application is timely; and (4) the existing parties may not adequately represent the

21   applicant's interest."  *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013) (citation and

22   internal quotation omitted).  "Each of these four requirements must be satisfied to support a right

23   to intervene.  While Rule 24 traditionally receives liberal construction in favor of applicants for

24   intervention, it is incumbent on the party seeking to intervene to show that all the requirements for

25   intervention have been met."  *Id.* (internal citation, quotation, and alterations omitted).  Failure to

26   satisfy any one of the requirements is fatal to the application.  *Perry v. Proposition 8 Official*

27   *Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

28        Alternatively, under Rule 24(b), a court may also permit anyone to intervene who "has a

United States District Court
Northern District of California

2

claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ.

P. 24(b)(1)(B).  Unlike intervention as of right, permissive intervention focuses on possible

prejudice to the original parties to the litigation, not the intervenor.  *Donnelly v. Glickman*, 159

F.3d 405, 411 (9th Cir. 1998).  Thus, "in exercising its discretion, the court is to consider 'whether

the intervention will unduly delay or prejudice the adjudication of the rights of the original

parties.'"  *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1128 n.10 (9th Cir. 2002),

*abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir.

2011) (quoting Fed. R. Civ. P. 24(b)(2)).  "[P]ermissive intervention 'requires (1) an independent

ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between

the movant's claim or defense and the main action.'"  *Freedom from Religion Found., Inc. v.*

*Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966

F.2d 470, 473 (9th Cir. 1992)).  "Even if an applicant satisfies those threshold requirements, the

district court has discretion to deny permissive intervention."  *Donnelly*, 159 F.3d at 412.

   In ruling on a motion to intervene, the Court must accept as true the nonconclusory

allegations of the motion and proposed pleading.  *Sw. Ctr. for Biological Diversity v. Berg*, 268

F.3d 810, 819 (9th Cir. 2001).

## DISCUSSION

   Mercury's unopposed Motion seeks to intervene as a matter of right under Rule 24(a), or in

the alternative, permission to intervene under Rule 24(b).  As set forth below, the Court finds

Mercury has sufficiently satisfied the four-factor test for intervention as a matter of right under

Rule 24(a), and thus the Court need not address whether intervention is proper under Rule 24(b).

**A.**   **Significant Protectable Interest**

   "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest

that is protected under some law, and (2) there is a 'relationship' between its legally protected

interest and the plaintiff's claims."  *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th

Cir. 2006) (quoting *Donnelly*, 159 F.3d at 409).  To trigger the right to intervene, an economic

interest must be concrete and related to the underlying subject matter of the litigation.  *United*

*States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).  As Mercury's subrogation claim

3

is identical to the subject matter of this litigation, Mercury easily establishes a cognizable, legally protectable interest.

**B.      Practical Impairment of Mercury's Interests**

When considering possible impairments to an intervenor's interests in an action, "courts are guided primarily by practical and equitable considerations." *Id.* Consistent with the liberal standard in favor of intervention, a proposed intervenor need not show impairment is an "an absolute certainty." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011). Rather, the intervenor's interests need only be "'substantially affected in a practical sense by the determination made in an action.'" *Berg*, 268 F.3d at 822 (quoting Fed. R. Civ. P. 24 advisory committee note to 1966 amendment)). Generally, after determining the applicant has a protectable interest, courts have "little difficulty concluding" the disposition of the case may affect such interest. *Lockyer*, 450 F.3d at 442.

Mercury argues it shares a cause of action for property damage with Plaintiff, and should she resolve that cause of action without its permission, Mercury will be barred from pursuing reimbursement of its claim. Mot. at 6. Given that Mercury's subrogation claim is identical to the subject matter of this litigation, the Court finds disposition of this case will substantially affect Mercury's interest.

**C.      Timeliness**

In determining whether a motion to intervene is timely, courts weigh three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Alisal*, 370 F.3d at 921. "Timeliness is a flexible concept; its determination is left to the district court's discretion." *Id.* (citing *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981)). The Court must be lenient in applying the timeliness requirement where intervention is sought as a matter "of right." *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). Although delay can strongly weigh against intervention, the mere lapse of time, without more, is not necessarily a bar to intervention. *Id.*

1.      Stage of the Proceedings

With regard to the stage of the proceedings, the Court finds Mercury's Motion timely.

United States District Court
Northern District of California

4

Although Plaintiff filed this case in 2014, several procedural delays meant the operative SAC was not filed until November 2, 2015, and Defendants did not file their Answers until November 5 and 23, 2015. Dkt. Nos. 42-43. As discovery has yet to commence and no significant substantive rulings have been made, the case remains in the early stages of litigation. Thus, the proceedings have not advanced to the point where intervention in inappropriate. *See N. Cal. River Watch v. Fluor Corp.*, 2014 WL 3385287, at *15 (N.D. Cal. July 9, 2014) (granting motion to intervene where discovery had yet to commence and the court had not "significantly engaged the issues."); *S. Yuba River Citizens League & Friends of the River v. Nat'l Marine Fisheries Svc.*, 2007 WL 3034887, at *12 (E.D. Cal. Oct. 16, 2007) (allowing intervention where motion to dismiss had been filed, no discovery had been conducted, and party moved for intervention before dispositive motion filing deadline); *cf. League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997) (affirming denial of motion to intervene where there had been multiple proceedings, including a preliminary injunction, appeal to the Ninth Circuit, and partial grant of summary judgment).

        2.    <u>Prejudice to the Other Parties</u>

The issue of prejudice to the existing parties is the most important consideration in deciding whether a motion for intervention is untimely. *Oregon*, 745 F.2d at 552. "[C]ourts have emphasized the seriousness of the prejudice which results when relief from long-standing inequities is delayed." *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978). Intervention has been denied at pretrial stages when "a lot of water [has] passed under . . . [the] litigation bridge." *Alisal*, 370 F.3d at 922 (citations omitted). In assessing this factor, courts consider "whether existing parties may be prejudiced by the delay in moving to intervene . . . 'not whether the intervention itself will cause the nature, duration or disposition of the lawsuit to change' (otherwise, intervention would never be allowed because it inevitably prolongs the litigation)." *Defenders of Wildlife v. Johanns*, 2005 WL 3260986, at *4 (N.D. Cal. Dec. 1, 2005) (citation omitted). "The court looks to factors such as loss of evidence, settlements made in expectation of no further claims, and the need to reopen matters previously resolved." *Id.*

Nothing in the record shows there would be prejudice to any of the existing parties. No

United States District Court
Northern District of California

United States District Court
Northern District of California

1 party has raised an issue regarding loss of evidence, no evidence has been presented of a

2 settlement agreement among any of the parties, and no substantive issues have been resolved in

3 the course of this litigation. *Cf. Oregon*, 913 F.2d at 588-89 (finding that intervention would

4 prejudice all parties because it would challenge a complex and delicately balanced plan achieved

5 after four years of negotiation); *League of United Latin Am. Citizens*, 131 F.3d at 1304 (prejudice

6 to all parties existed where proposed intervenor waited 27 months before seeking to intervene and

7 petitioned the court for full party status when litigation was beginning to wind down).

8 Accordingly, the Court finds intervention would not result in prejudice to the parties in this case.

9         3.    <u>Reason and Length of Delay</u>

10       Last, the Court considers Mercury's reason and length of the delay in moving for

11 intervention. "While the length of time that has passed since a suit was filed is not, in and of

12 itself, determinative of timeliness, a party seeking to intervene must act as soon as he knows or has

13 reason to know that his interests might be adversely affected by the outcome of the litigation."

14 *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects*, 309 F.3d 1113, 1120 (9th

15 Cir. 2002) (internal citation, quotation, and alteration omitted). Thus, the party seeking

16 intervention must provide a reason for its delay in seeking to enter into the case. *Alisal*, 370 F.3d

17 at 923. The key date for assessing the timeliness of a motion to intervene is the date the applicant

18 should have been aware that its interests would no longer be adequately represented by one of the

19 existing parties. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

20       Mercury provides no reason why it waited nearly one year to move to intervene in this

21 case. At the same time, the timeliness inquiry in which a court engages on a motion to intervene is

22 to be determined from all of the circumstances. *See NAACP v. New York*, 413 U.S. 345, 366

23 (1973). "The Court may, in its discretion, decide whether the length of and reason for the delay,

24 combined with the other timeliness factors, are reasonable." *Defs. of Wildlife*, 2005 WL 3260986,

25 at *4. Furthermore, "[t]he mere passage of time, in itself, does not render an application untimely;

26 rather, the important question concerns actual proceedings of substance on the merits." *Id.* (citing,

27 among others, *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996), *as amended

28 on denial of reh'g* (May 30, 1996) (finding motion timely where it had been filed "before the

1   district court had made any substantive rulings.")).  Thus, on balance, given the early stage of the

2   proceedings and the lack of prejudice to all parties, the Court finds the delay was not excessive.

3           For these reasons, the Court finds Mercury's Motion to Intervene is timely.

4   **D.      Adequacy of Representation**

5           An applicant for intervention must demonstrate that representation of its interests by

6   existing parties to the litigation "may be" inadequate.  *Forest Conservation Council v. United*

7   *States Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995).  The burden of showing inadequate

8   representation is minimal, and doubts about adequacy of representation should be resolved in

9   favor of the intervenor.  *Id.*; *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003).

10  In making this determination, the Court considers three factors: (1) "whether the interest of a

11  present party is such that it will undoubtedly make all of a proposed intervenor's arguments"; (2)

12  "whether the present party is capable and willing to make such arguments"; and (3) "whether a

13  proposed intervenor would offer any necessary elements to the proceeding that other parties would

14  neglect."  *Arakaki*, 324 F.3d at 1086.  "When an applicant for intervention and an existing party

15  have the same ultimate objective, a presumption of adequacy of representation arises."  *Id.*;

16  *League of United Latin Am. Citizens*, 131 F.3d at 1305.  Thus, where "the applicant's interest is

17  identical to that of one of the present parties, a compelling showing should be required to

18  demonstrate inadequate representation."  *Prete v. Bradbury*, 438 F.3d 949, 957 (9th Cir. 2006)

19  (citing *Arakaki*, 324 F.3d at 1086).

20          Because Mercury is pursuing reimbursement of its subrogation claim, and no other party is

21  furthering such interest, the Court finds representation of its interests by the existing parties is

22  likely inadequate.  *See Defs. of Wildlife*, 2005 WL 3260986, at *8 ("The court also may find that a

23  proposed intervenor's interests are not adequately represented where the intervenor would bring a

24  perspective none of the other parties to the litigation have.").

25  ///

26  ///

27  ///

28  ///

*United States District Court*
*Northern District of California*

## CONCLUSION

Based on the analysis above, the Court **GRANTS** Mercury's Motion to Intervene. Mercury shall e-file its Complaint in Intervention by January 4, 2016.  No chambers copy is required.

**IT IS SO ORDERED.**


Dated: December 29, 2015

_____

MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California

8